Michael B. JOHNSON,
Plaintiff-Appellee,

v.

ARMORED TRANSPORT OF CALIFOR-
NIA, INC., a California Corporation,
Defendant-Appellant.

Nos. 85–2081, 85–2446.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 15, 1986.

Withdrawn from Submission
May 15, 1986.

Resubmitted June 16, 1986.

Decided April 2, 1987.

W. David Holsberry, San Francisco, Cal., for plaintiff-appellee.

Geoffrey M. Faust, San Francisco, Cal., for defendant-appellant.

Before WALLACE, FARRIS and BOOCHEVER, Circuit Judges.

WALLACE, Circuit Judge:

Armored Transport of California, Inc. (Armored) appeals from a judgment by the district court for Johnson on a Title VII claim and a general jury verdict on claims alleging violation of 42 U.S.C. § 1981 and a state claim of wrongful discharge. Armored argues that Johnson failed to plead and prove all the elements of his wrongful discharge claim, that this claim is preempted by federal law, and that Johnson's federal law claims were not supported by sufficient evidence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

I

Armored provides armored car service to businesses in the San Francisco Bay area. In October 1979, Armored hired Johnson, a Black man, to work in armored vans that have a two-man crew. Johnson's employment was governed by a collective bargaining agreement between Armored and Johnson's union. The agreement gave Armored the right to discharge employees for good cause. The agreement also provided a several-step procedure for resolving disputes between Armored and its employees, including any disputes about the propriety of a discharge. This grievance procedure included a clause requiring an employee to initiate a grievance within four days after discharge. The last step in the procedure involved submitting the grievance to binding arbitration.

Irvin, the Division Manager in overall charge of Armored's San Francisco operations, made racially derogatory remarks in the presence of Johnson on several occasions. In early 1981, Armored began frequently to assign Johnson to work with Bathke, who also made racially derogatory comments to Johnson. On several occasions, Johnson asked Armored to reassign him to a new partner because of Bathke's racial slurs, but Armored did nothing. During the week of April 26, 1982, Johnson was scheduled to work with Bathke, and again asked for a reassignment. When Armored refused his request, Johnson left the premises. The next day, Armored discharged him.

Johnson filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging discrimination and retaliation for a previous EEOC charge he had filed. After the EEOC declined to litigate the matter, Johnson filed suit in district court alleging violation of Title VII (42 U.S.C. §§ 2000e to 2000e–5) and 42 U.S.C. § 1981, and wrongful discharge under California law. After a trial, the jury entered a verdict of $45,000 in compensatory damages and $250,000 in punitive damages. The district court ordered a partial new trial unless Johnson consented to reducing punitive damages to $150,000. Johnson complied. The district court found Armored liable on the Title VII claim for $45,000 in compensatory damages, but properly held that this award constituted the same compensatory damages found by the jury for the state claim. The court then entered judgment for $45,000 compensatory damages, $150,000 punitive damages, and awarded Johnson $53,591.07 in attorneys' fees pursuant to 42 U.S.C. §§ 1988, 2000e–5(k).

II

Armored's primary contentions on appeal were placed before the district court in a motion for a directed verdict and a motion for judgment notwithstanding the verdict. These motions preserve for appeal Armored's challenge to the sufficiency of the evidence only if they satisfied the requirements of rule 50(b) of the Federal Rules of Civil Procedure. *Farley Transportation Co. v. Santa Fe Trail Transportation Co.*, 786 F.2d 1342, 1347 (9th Cir. 1986) (*Farley*). Under rule 50(b), a party may move for a judgment notwithstanding the verdict only if the party has moved for a directed verdict at the close of all the evidence. Fed.R.Civ.P. 50(b); *Farley*, 786 F.2d at 1345. "In general, the requirement that the motion be made at the close of all the evidence is to be strictly observed." *Id.* at 1346.

The district court heard and denied Armored's motion for a directed verdict, which was made at the conclusion of the plaintiff's case, before the last witness had finished testifying. Armored did not renew this motion at the close of evidence. Armored has thus not complied with the strict requirements of rule 50(b).

Armored argues, however, that its failure to renew its directed verdict motion should not be fatal because the only evidence introduced after the district court denied the motion was "brief and could not conceivably have changed the court's decision." Appellant's Opening Brief at 13, *quoting* 9 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2537 (1971). In *Farley*, 786 F.2d 1342, we addressed a similar, although more general, argument: that the failure to renew a directed verdict motion does not bar a motion for judgment notwithstanding the verdict if the default did not prejudice the opposing party. We stated that "[a] strict application of Rule 50(b) obviates the necessity for a court to engage in a difficult and subjective case-by-case determination of whether a failure to renew a motion for directed verdict ... has resulted in ... prejudice to the opposing party." *Farley*, 786 F.2d at 1346. We declined "to adopt an interpretation of Rule 50(b) ... that requires us to engage in a subjective analysis of the strength or weakness of the evidentiary foundation of one party's case, before we even determine whether we may review the sufficiency of the evidence on appeal." *Id.* at 1346 n. 2.

Although these statements in *Farley* do not directly address the issue here, they represent a sound approach to rule 50(b). In this case, deciding whether the evidence introduced after the denial of a motion for directed verdict was of sufficient quality and quantity to affect the outcome of the motion would require us "to engage in a difficult and subjective case-by-case determination." *Id.* We need not devote our resources to such an inquiry if, instead, we require a party to renew his motion at the close of all the evidence—an expedient imposing a minimal burden on litigants. Accordingly, we hold that, under rule 50(b), a party cannot bring a motion for judgment notwithstanding the verdict if he fails to move for a directed verdict at the close of all the evidence, irrespective of the nature of that evidence. Therefore, because Armored has failed to meet the requirements of rule 50(b), Armored cannot challenge the sufficiency of the evidence on appeal.

## III

■ Armored argues that section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, preempts Johnson's wrongful discharge claim. Litigants ordinarily argue preemption in a motion to dismiss, either for failure to state a claim or for lack of subject-matter jurisdiction. In this case, however, Armored never moved to challenge the sufficiency of jurisdiction or the sufficiency of Johnson's alleged claims. Armored argued preemption only in its post-trial motion papers challenging the sufficiency of the evidence. In its memorandum in support of its motion for judgment notwithstanding the verdict, Armored briefly argued section 301 preemption but this hardly constitutes a motion challenging jurisdiction. The argument was an integral part of the ineffective motion challenging the sufficiency of the evidence and suffers the fate of the motion.

Nevertheless, we may not be free to disregard the issue, even though raised for the first time only on appeal. In *International Longshoremen's Association, AFL–CIO v. Davis,* —— U.S. ——, 106 S.Ct. 1904, 90 L.Ed.2d 389 (1986) (*Davis*), the Supreme Court held that an argument that a state law claim is preempted by the National Labor Relations Act, 29 U.S.C. §§ 151–168, "is in the nature of a challenge to a court's power to adjudicate that may be raised at any time." *Id.* at 1907. In *Gilchrist v. Jim Slemons Imports, Inc.,* 803 F.2d 1488 (9th Cir.1986) (*Gilchrist*), we analyzed the reasoning in *Davis* and extrapolated the following rule: "a preemption argument that affects the choice of forum rather than the choice of law is not waivable; thus it can be raised for the first time on appeal." *Id.* at 1497. In *Gilchrist*, we were dealing with the question of whether an

# 1044

argument that a state law claim was preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1461, was an argument that could affect the choice-of-forum. *Id.* We reasoned that "[e]ven if the state-law claim in this case could be recharacterized as a federal ERISA claim, such recharacterization would clearly fall within the district court's jurisdiction." *Id.* Consequently, we held that an argument that ERISA preempts state law "implicates only a choice-of-law question that is waived unless it is timely raised." *Id.*

■ *Gilchrist* controls the issue before us. Even if Armored's preemption argument were valid, it would not force Johnson to bring this action in a different forum. If preempted, Johnson's state law claim would be recharacterized as a federal claim brought pursuant to section 301. *Avco Corp. v. Aero Lodge No. 735, International Association of Machinists,* 390 U.S. 557, 560, 88 S.Ct. 1235, 1237, 20 L.Ed.2d 126 (1968); *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 23–24, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983) ("*Avco* stands for the proposition that if a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law."). So denominated, the claim would fall within the district court's jurisdiction. Armored's preemption argument could thus affect only the choice-of-law but not the choice-of-forum. Accordingly, we apply the rule from *Gilchrist,* and hold that Armored has waived the argument that section 301 preempts the state law wrongful discharge claim because the argument was not properly preserved in the district court.

## IV

Because Armored's challenge to the award of attorneys' fees is premised solely on reversing the trial court judgment, we also affirm the award of attorneys' fees.

AFFIRMED.