Patricia INGVALSON, Plaintiff–
Appellee,

v.

COSCO INC., Defendant–Appellant.

No. 99–36110.

D.C. No. CV–97–00165–LBE.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 14, 2001.

Decided July 20, 2001.

Before B. FLETCHER, BRUNETTI, and FISHER, Circuit Judges.

## MEMORANDUM [1]

Cosco appeals a jury verdict and damage award for Ingvalson, in a product liability action relating to a defective step stool. We affirm.

Cosco argues that four instances of misconduct by Ingvalson's attorney warrant a new trial. Cosco must meet a substantial burden to overturn a trial court's ruling in this area, as "the trial court is in a superior position to gauge the prejudicial impact of counsel's conduct during trial[, and w]e will not disturb the district court's ruling unless we have a definite and firm conviction that the court committed a clear error of judgment in the conclusion that it reached." *Anheuser–Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 346 (9th Cir.1995). Cosco does not present sufficient evidence to warrant disturbing the magistrate judge's rulings.

Cosco first points to plaintiff's counsel's use of the step stool during opening statements. It claims that his ascent and collapse of the step stool was impermissible testimony by counsel which had such a prejudicial impact on the jury that it could not be rectified. However, counsel's conduct does not remotely approach the level recognized as improper by this Court. *See, e.g., Anheuser–Busch*, 69 F.3d at 346 (affirming a district court's grant of a mistrial due to an attorney's constant violation of in limine rulings). Furthermore, Cosco did not state its grounds for objection at that moment, which precluded the judge from considering other, less drastic remedies. In addition, plaintiff's counsel adequately laid a foundation for this demonstration during trial. Finally, we note that Cosco also used the step stool in its opening argument.

Second, Cosco argues that counsel failed to disclose that a rivet in the step stool had broken and been replaced; it claims that the reference to the broken rivet during opening statements unduly prejudiced Cosco by creating the inference that the step stool was falling apart. This argument is without merit, as Ingvalson's counsel made it clear that the plaintiff here was not claiming any defect based on the fact of the rivet breaking and also that plaintiff never claimed the quality of construction was at issue, only that there was a design defect. The district court's denial of Cosco's motion for a mistrial was appropriate.

Third, Cosco claims that plaintiff's counsel made improper comments during his closing argument, that appealed to regional bias by stating that Ingvalson was a resident of Montana. We agree with the district court's reasoning, when it held that, "although Plaintiff's counsel raised the specter of regionalism by noting Plaintiff's Montana origins and residency, he did not then play upon Defendant's foreign origins by derogatory innuendo or inflam-

---

**1.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

matory comments." Because the comparison was not drawn between the two and because the damage awards were not excessive, the "error, if any, was slight, and [the] Defendant was not thereby prejudiced."

 Fourth, the cross-examination of Dr. McElhaney and Mr. Craig was relevant to show these witnesses' potential bias and did not amount to misconduct.

Cosco also raises numerous issues relating to the introduction of various pieces of evidence at trial. We find them all to be without merit, and hold the magistrate judge's rulings to be well within his discretion.

 Next, Cosco claims that a jury instruction concerning imputation of knowledge to Cosco for the purpose of the defective design claim misled the jury into applying it to the punitive damages claim. Cosco concedes that this jury instruction is a correct statement of law, but alleges that, when taken within the context of all the jury instructions, it confused and misled the jury. Considered as a whole, it is clear that some instructions apply to the defective design claim and some apply to punitive damages, and that this instruction in particular applied solely to knowledge for strict liability. *Masson v. New Yorker Magazine, Inc.,* 85 F.3d 1394, 1397 (9th Cir.1996).

 Finally, Cosco argues that the district court erred in denying its renewed motion for judgment as a matter of law (or JNOV). We do not reach this issue, as Cosco failed to renew its motion at the end of all the evidence and therefore waived its right to request a JNOV. *See* Fed.R.Civ.P. 50(b); *see also Johnson v. Armored Transport of California, Inc.,* 813 F.2d 1041, 1042–43 (9th Cir.1987). Cosco made

no attempt at compliance, and no injustice would occur as the verdict is not totally devoid of support.

AFFIRMED.