**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CHUCK CLOSE; LADDIE JOHN DILL, individually and on behalf of all others similarly situated,
                        *Plaintiffs-Appellants*,

v.

SOTHEBY'S, INC., a New York corporation,
                        *Defendant-Appellee*.

No. 16-56234

D.C. No.
2:11-cv-08604-
MWF-FFM

---

THE SAM FRANCIS FOUNDATION; CHUCK CLOSE, individually and on behalf of all others similarly situated; LADDIE JOHN DILL, individually and on behalf of all others similarly situated,
                        *Plaintiffs-Appellants*,

v.

CHRISTIE'S, INC., a New York corporation,
                        *Defendant-Appellee*.

No. 16-56235

D.C. No.
2:11-cv-08605-
MWF-FFM

| | |
|---|---|
| THE SAM FRANCIS FOUNDATION; CHUCK CLOSE, individually and on behalf of all others similarly situated; LADDIE JOHN DILL, individually and on behalf of all others similarly situated, *Plaintiffs-Appellants*, <br><br> v. <br><br> EBAY INC., a Delaware corporation, *Defendant-Appellee.* | No. 16-56252 <br><br> D.C. No. 2:11-cv-08622-MWF-PLA <br><br><br> ORDER |

Filed December 3, 2018

Before:  Danny J. Boggs,[*] Jay S. Bybee, and Paul J. Watford, Circuit Judges.

Order

---

[*] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

# SUMMARY**

## Attorneys' Fees

The panel granted defendants-appellees' applications for attorneys' fees pursuant to Ninth Circuit Rule 39-1.6 and the California Resale Royalties Act, following the panel's opinion affirming in part and reversing in part the district court's dismissal of claims for resale royalties.

In *Close v. Sotheby's, Inc.*, 894 F.3d 1061 (9th Cir. 2018), the panel held that plaintiffs' claims for resale royalties under the CRRA were expressly preempted by the 1976 Copyright Act, and the panel affirmed the dismissal of claims involving art sales postdating the Copyright Act's effective date of January 1, 1978. The panel reversed the dismissal of CRRA claims to the extent that they involved sales occurring before January 1, 1978, but after the CRRA's effective date of January 1, 1977.

Granting the applications for attorneys' fees, the panel held that defendants were entitled to fees under the CRRA's fee-shifting provision, which mandates a fee award to the prevailing party in any action under the CRRA. The panel rejected plaintiffs' argument that fees were not available under the CRRA because the effect of the panel's decision was to void the CRRA, including its fee-shifting provision. The panel referred the fee applications to the Appellate Commissioner to calculate the amount of fees to be awarded.

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**ORDER**

In *Close v. Sotheby's, Inc.*, 894 F.3d 1061 (9th Cir. 2018), we held that plaintiffs' claims for resale royalties under the California Resale Royalties Act ("CRRA") are expressly preempted by the 1976 Copyright Act. We thus affirmed the district court's dismissal of plaintiffs' claims that involved any art sales postdating the Copyright Act's effective date of January 1, 1978. We reversed, however, the district court's dismissal of plaintiffs' CRRA claims to the extent they involved sales occurring before January 1, 1978 (but after the CRRA's effective date of January 1, 1977), because those claims are not preempted by federal copyright law.

Defendants Sotheby's and eBay have filed applications for attorneys' fees pursuant to Ninth Circuit Rule 39-1.6. They seek fees under the CRRA fee-shifting provision, which mandates a fee award to the "prevailing party in any action brought under" the CRRA. Cal. Civ. Code § 986(a)(3). Plaintiffs argue that fees are not available under the CRRA because the effect of our decision was to void the CRRA, including its fee-shifting provision. We disagree. We hold that Sotheby's and eBay are entitled to fees under the CRRA fee-shifting provision and refer the applications to the Appellate Commissioner to calculate the amount of fees to be awarded.

## I.  BACKGROUND

The background of this case is detailed in the panel's opinion. In brief, the California Resale Royalties Act of 1976 ("CRRA") required the seller of a work of fine art or the seller's agent to withhold 5% of the sale price and pay it to the artist. Cal. Civ. Code § 986(a). Artists could bring an

action to enforce this requirement under the following provision:

> If a seller or the seller's agent fails to pay an artist the amount equal to 5 percent of the sale of a work of fine art by the artist or fails to transfer such amount to the Arts Council, the artist may bring an action for damages within three years after the date of sale or one year after the discovery of the sale, whichever is longer. The prevailing party in any action brought under this paragraph shall be entitled to reasonable attorney fees, in an amount as determined by the court.

*Id.* § 986(a)(3).

Plaintiffs filed this action against Sotheby's, Christie's, and eBay seeking royalties for resales of artwork dating back to the CRRA's January 1, 1977 effective date. After claims involving out-of-state sales were filtered out on dormant Commerce Clause grounds, *see Sam Francis Found. v. Christies, Inc.*, 784 F.3d 1320, 1322 (9th Cir. 2015) (en banc), the parties litigated the claims involving in-state sales. The district court granted defendants' motion to dismiss those claims on two grounds: (1) the CRRA claims were preempted, and (2) eBay was not a seller subject to the CRRA.

On appeal, we affirmed in part, reversed in part, and remanded. *Close*, 894 F.3d at 1076. We held that all CRRA claims that involved sales after the effective date of the 1976 Copyright Act—January 1, 1978—were expressly preempted by the Copyright Act's preemption provision, 17 U.S.C.

§ 301(a). *Close*, 894 F.3d at 1068–72. We thus affirmed the district court's dismissal of those claims. Because this holding disposed of all claims against eBay, we declined to rule on eBay's alternative argument that it was not subject to the CRRA. *Id.* at 1068 n.6.

We further held that any CRRA claims that involved sales before the 1976 Act's effective date, to the extent they exist, are not expressly preempted, because the operative federal law at the time of these sales—the 1909 Copyright Act—did not contain an express preemption provision. *Id.* at 1072. Nor are such claims barred by conflict preemption. *Id.* at 1072–74 (discussing *Morseburg v. Balyon*, 621 F.2d 972, 977–78 (9th Cir. 1980)). We thus reversed the district court's dismissal of any claims involving sales between the CRRA's effective date of January 1, 1977 and the 1976 Act's effective date of January 1, 1978—i.e., sales that occurred in 1977. *Id.* at 1074.

After we denied a petition for rehearing, Sotheby's and eBay filed timely applications for attorneys' fees pursuant to Ninth Circuit Rule 39-1.6, seeking fees under the CRRA fee-shifting provision, Cal. Civ. Code § 986(a)(3). Plaintiffs oppose these applications, arguing that the CRRA fee-shifting provision is preempted by federal law and that Sotheby's is not a prevailing party. Because this is a diversity case, state law governs both "the right to fees" and "the method of calculating the fees." *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). The preemptive effect of a federal statute is a question of federal law. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 214 (1985).

## II. ANALYSIS

The CRRA fee-shifting provision provides: "The prevailing party in any action brought under this paragraph shall be entitled to reasonable attorney fees, in an amount as determined by the court." Cal. Civ. Code § 986(a)(3). Three features of this provision are significant. First, by using the phrase "prevailing party," this provision grants defendants as well as plaintiffs the opportunity for a fee award. *See Jankey v. Lee*, 290 P.3d 187, 191 (Cal. 2012). Second, by using the phrase "shall be entitled," fee-shifting under this provision is mandatory. *See id.* at 192; *Hsu v. Abbara*, 891 P.2d 804, 809 (Cal. 1995) (explaining that "[t]he words 'shall be entitled'" mean that the court is "*obligated* to award attorney fees[] whenever the statutory conditions have been satisfied"). And third, the fee-shifting provision was added to the CRRA in 1982, *see* 1982 Cal. Stat. 6434, and it applies only to claims involving sales of art that occurred on or after January 1, 1983, *see* Cal. Civ. Code § 986(f). Thus, the only claims that remain pending on remand—those involving sales in 1977—do not fall within the fee-shifting provision.

Plaintiffs oppose the fee applications on two grounds, arguing that the CRRA fee-shifting provision is unenforceable because it is preempted, and that Sotheby's is not a prevailing party. We address each argument in turn.

## A. *Preemption*

Plaintiffs contend that the CRRA fee-shifting provision is preempted and unenforceable. They raise two arguments: first, that our opinion in this case rendered the CRRA "null and void" and thus there is no surviving attorneys' fees provision to apply; and second, that the 1976 Copyright Act

itself preempts the attorneys' fees provision of the CRRA. We disagree with both arguments.

 1. The CRRA fee-shifting provision is not "null and void"

According to plaintiffs, our decision in this case means that, as of January 1, 1978 (the effective date of the 1976 Copyright Act), "the CRRA was null and void and could not thereafter be enforced" and, accordingly, the 1982 amendments to the CRRA are ineffectual because "a nonexistent statute cannot be amended." This argument misapprehends the effect of our decision.

The Supremacy Clause of the U.S. Constitution provides that the "Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land." U.S. Const. art. VI, cl. 2. As a consequence, "Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." *Id.* When we adjudge a state law preempted under this provision, we do not render the law null and void in some ultimate sense, such as a presidential veto; rather, our judgment renders the law unenforceable in the case before us. We, as judges, cannot enforce the state law because the "Laws of the United States" are "supreme" and displace the "Laws of any State to the Contrary." *Id.*

The doctrine of preemption therefore provides "a rule of decision" that "instructs courts what to do when state and federal law clash." *Armstrong v. Exceptional Child Ctr., Inc.*, 135 S. Ct. 1378, 1383 (2015); *see also Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1497 (9th Cir. 1986) (describing preemption as "a choice-of-law question"). When

a state law, "in [its] application to [a particular] case, come[s] into collision with an act of Congress," the state law "must yield to the law of Congress." *Gibbons v. Ogden*, 22 U.S. (9 Wheat.) 1, 210 (1824); *cf. Massachusetts v. Mellon*, 262 U.S. 447, 488 (1923) (describing the power "to review and annul" a statute as "little more than the negative power to disregard an unconstitutional enactment, which otherwise would stand in the way of the enforcement of a legal right"); *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 178 (1803) (explaining that when "both [a state] law and [federal law] apply to a particular case, . . . the court must determine which of these conflicting rules governs the case," enforcing the "superior" law and "disregarding" the inferior law). The effect of our judgment is to render the preempted state law inoperative with respect to the claims before us. *See Trollinger v. Tyson Foods, Inc.*, 370 F.3d 602, 608 (6th Cir. 2004) ("[T]he [preemption] doctrine generally concerns the merits of the claim itself—namely, whether it is viable and which sovereign's law will govern its resolution.").

Holding that a state law is preempted by federal law does not, however, render the entire state law "nonexistent" in the way that plaintiffs argue. The state law continues to exist until the legislature that enacted it repeals it. At the same time, any portion of the law that is preempted is unenforceable in court until Congress removes the preemptive federal law or the courts reverse course on the effect of the federal law. *See* Jonathan F. Mitchell, *The Writ-of-Erasure Fallacy*, 104 VA. L. REV. 933, 953 (2018) ("[S]tate statutes that contradict 'supreme' federal law continue to exist as 'laws,' even as they go unenforced, and they would become enforceable if federal law were amended

or reinterpreted to remove the conflict.").[1]   Preemption is

---

[1] We are aware that, as far back as *Marbury*, there is language suggesting that an unconstitutional or preempted law is "void" and must be treated as "though it be not law." *Marbury*, 5 U.S. at 177; *see also, e.g.*, *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 479 (1974) (considering whether a state law was "void under the Supremacy Clause"); *Chi., Indianapolis, & Louisville Ry. Co. v. Hackett*, 228 U.S. 559, 566 (1913) (stating that "an unconstitutional act is not a law" and is "inoperative as if it had never been passed"); *Ex parte Siebold*, 100 U.S. 371, 376 (1879) ("An unconstitutional law is void, and is as no law."); *Duke Energy Trading & Mktg., L.L.C. v. Davis*, 267 F.3d 1042, 1058–59 (9th Cir. 2001) (finding state regulations "void under the Supremacy Clause").   Indeed, one court has gone so far as to declare that preempted state laws "are void ab initio." *Antilles Cement Corp. v. Fortuno*, 670 F.3d 310, 323 (1st Cir. 2012).   Such sweeping pronouncements may overstate the actual effect of judicial review and the Supremacy Clause. A federal law passed in violation of the Constitution's  procedural requirements may be void ab initio, *see Mester Mfg. Co. v. INS*, 879 F.2d 561, 570 (9th Cir. 1989), but state laws that clash with federal law (including the Constitution) may be amended by the legislature that enacted them.   It is more accurate to state that these laws are "without effect," rather than treat them as nonexistent. *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 516 (1992) (quoting *Maryland v. Louisiana*, 451 U.S. 725, 746 (1981)); *accord Harris ex rel. Harris v. Ford Motor Co.*, 110 F.3d 1410, 1415 (9th Cir. 1997).   Preempted laws are constitutionally unenforceable, but they are not snipped from the statute books.

Here, the CRRA could not have been void ab initio, because its effective date antedated the effective date of the 1976 Copyright law that preempted it.   There is no reason why the entire CRRA may not remain on the books in California until California chooses to amend or remove it.   It is true that portions of the CRRA are, in effect, dormant—at least unless we reverse our judgment about the preemptive effect of the federal copyright laws, the Supreme Court reverses our judgment for us, or Congress removes the preemptive provision of the 1976 Copyright Act or otherwise recognizes the *droit de suite*. *See Close*, 894 F.3d at 1065–66 (discussing similar proposals).   If, for example, Congress removed the preemption provision from the Copyright Act, the preempted portions of

therefore claim-driven: when a party successfully invokes preemption as a defense to a state-law *claim*, the court will apply the federal law and the state law will be disregarded to the extent the laws conflict.[2]

Our opinion in this case made this distinction clear. We addressed the question "whether plaintiffs' *claims* are preempted by federal copyright law." *Close*, 894 F.3d at 1064 (emphasis added). Our answer to that question does not control our answer to the question whether defendants are entitled to attorneys' fees; rather, that question is a matter of state law. And nothing in the text of the CRRA fee-shifting provision is concerned with how a prevailing party prevailed. Rather, it applies if the "action [was] brought under" the CRRA, Cal. Civ. Code § 986(a)(3), which this action indisputably was. The reason for our dismissal of plaintiffs' claims is thus irrelevant, as it does "not affect the character or type of action that has been brought." *Tract 19051 Homeowners Ass'n v. Kemp*, 343 P.3d 883, 888 (Cal. 2015). Courts have awarded fees under provisions like this one even when the substantive law that houses the fee-shifting provision is inapplicable to the underlying claims. *See, e.g.*, *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 614 (9th Cir. 2010); *Tract 19051*, 343 P.3d at 889–94 (collecting cases).

---

the CRRA would automatically revive; the CRRA would not have to be reenacted to become effective.

[2] Indeed, preemption must be claim-driven, because "[p]reemption ordinarily is an affirmative defense forfeitable by the party entitled to its benefit." *Sickle v. Torres Advanced Enter. Sols., LLC*, 884 F.3d 338, 345 (D.C. Cir. 2018); *see Brannan v. United Student Aid Funds, Inc.*, 94 F.3d 1260, 1266 (9th Cir. 1996); *Johnson v. Armored Transp. of Cal., Inc.*, 813 F.2d 1041, 1043–44 (9th Cir. 1987).

Moreover, plaintiffs' proposed understanding of preemption would end up favoring certain defenses over others by conditioning fees based on *how* the defendant prevailed. We can easily envision cases in which defendants would forgo a meritorious preemption argument in order to preserve the possibility of recovering attorneys' fees. In this case, the rule advanced by plaintiffs would be particularly unfair to eBay, as we specifically declined to "address eBay's argument that it is not subject to the CRRA" given our preemption holding. *Close*, 894 F.3d at 1068 n.6. It would be strange to allow eBay to recover attorneys' fees if we held that the CRRA is inapplicable to eBay, but not if we held that the CRRA is unenforceable because it is preempted.

In sum, we conclude that our preemption holding in this case did not render the CRRA fee-shifting provision "null and void."

### 2. The CRRA fee-shifting provision is not preempted

Plaintiffs also argue that the CRRA fee-shifting provision is preempted by the 1976 Copyright Act itself. As we explained in our opinion, two forms of preemption are available with respect to the 1976 Copyright Act—express preemption and conflict preemption. *Id.* at 1068. Neither applies here.

First, the 1976 Copyright Act does not expressly preempt the CRRA fee-shifting provision. The 1976 Act expressly preempts state laws governing "legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright *as specified by section 106*." 17 U.S.C. § 301(a) (emphasis added). In other words, "the rights asserted under state law [must be] equivalent to the

rights contained in 17 U.S.C. § 106" for the Act's preemption provision to apply. *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1010 (9th Cir. 2017) (citation omitted). The rights contained in § 106 are the rights of reproduction, preparation of derivative works, distribution, display, and performance. 17 U.S.C. § 106(1)–(6). Notably missing is any mention of attorneys' fees, which are in fact governed by a different section—17 U.S.C. § 505. The CRRA fee-shifting provision "does not fall within the scope of § 301(a) and therefore is not preempted by the express terms of the Copyright Act." *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 761 (9th Cir. 2015).

Second, fee shifting in this case does not conflict with the 1976 Copyright Act. Under the CRRA, fee shifting applies to "any action brought under this paragraph." Cal. Civ. Code § 986(a)(3). Under the Copyright Act, fee-shifting applies to "any civil action under this title." 17 U.S.C. § 505. The applicability of the two provisions depends on whether the "action" was brought "under" state or federal law. And here, plaintiffs brought this action under the CRRA. The CRRA fee-shifting provision thus applies, and the Copyright Act fee-shifting provision does not.

That this action involves only state-law claims distinguishes it from actions brought under both federal law and state law. We have held that a prevailing party in such a case cannot "resort to a state statutory procedure to reach around [federal-law] attorneys' fees provisions for fees *on* [*a federal-law*] *claim*." *S.F. Culinary, Bartenders & Serv. Emps. Welfare Fund v. Lucin*, 76 F.3d 295, 298 (9th Cir. 1996) (emphasis added); *cf. Ryan*, 786 F.3d at 762 (noting that conflict preemption "might" apply in a case involving "a [state] fee-shifting statute . . . that permitted a fee award where the Copyright Act did not" (emphasis omitted)). The

reason is straightforward—when claims under state law and federal law overlap, it is generally "impossible to distinguish the fees necessary to defend against the [state-law] claim from those expended in defense against the [federal-law] claim." *Hubbard v. SoBreck, LLC*, 554 F.3d 742, 745 (9th Cir. 2009). A fee award in this circumstance would encompass fees for litigating the federal claim. And granting that award under a more generous state-law fee-shifting provision could allow the prevailing party to evade the stricter federal-law fee-shifting provision that would ordinarily apply to the federal claim.

*Lucin* is instructive. There, we held that a request for fees under a state fee-shifting statute for work performed in an underlying ERISA suit was "preempted" by ERISA's fee-shifting provision. 76 F.3d at 298. We did not, however, "declare the state statute itself preempted but only any implementation of it that fails to use the applicable ERISA standards to determine the propriety of an award of attorneys' fees for work done in the underlying ERISA action." *Id.* We thus made clear that "to the extent that state law provides for attorneys' fees with respect to a state law action, ERISA is *not* implicated." *Id.* And because "ERISA attorney's fees provisions do not apply to non-ERISA actions generally, those provisions likewise do not preempt them generally." *Id.*

That same principle applies here. The 1976 Copyright Act's fee-shifting provision governs only "action[s] under" the Copyright Act. 17 U.S.C. § 505. Plaintiffs brought their claims exclusively under the CRRA. The Copyright Act's

fee-shifting provision does not apply to—and has no preemptive effect in—this non-Copyright Act lawsuit.[3]

B.  *Prevailing Party Status*

The CRRA fee-shifting provision awards fees to a "prevailing party." Cal. Civ. Code § 986(a)(3). Plaintiffs do not dispute that eBay is a prevailing party, as we disposed of all of the claims against eBay in eBay's favor. *See Close*, 894 F.3d at 1076. Plaintiffs argue that Sotheby's is not a prevailing party because the 1977 claims remain pending on remand. Indeed, plaintiffs make an abrupt about-face from their contention that defendants "succeeded in gutting the entire CRRA," now arguing that *they* are the prevailing parties because they succeeded in obtaining reversal of some of the previously dismissed claims.

California courts take a "pragmatic approach [to] determining prevailing party status," generally looking to "the extent to which each party has realized its litigation objectives, whether by judgment, settlement or otherwise." *Graciano v. Robinson Ford Sales, Inc.*, 50 Cal. Rptr. 3d 273, 281–82 (Cal. Ct. App. 2006) (citations omitted). And here, Sotheby's has obtained a judgment in its favor for all claims involving sales that occurred after January 1, 1978. *See Close*, 894 F.3d at 1076. All that remains on remand is the "sliver of claims" involving sales that occurred in 1977. *Id.* at 1072. Sotheby's is, in any practical sense, a prevailing party.

---

[3] We reject plaintiffs' judicial estoppel argument, as defendants have not taken "inconsistent positions regarding [their] entitlement to fees" so as to be judicially estopped from requesting them. *Ryan*, 786 F.3d at 763.

Plaintiffs argue that Sotheby's "cannot be deemed to be the prevailing party" because of the remanded claims. The CRRA fee-shifting provision, however, applies only to claims involving sales that occurred after January 1, 1983. *See* Cal. Civ. Code § 986(f). Sotheby's is thus the prevailing party for *all* of the claims that fall within the fee-shifting provision. And under California law, a party who prevails on a fee-shifting claim remains a prevailing party "even when such a claim is made with other claims on which attorney fees are not recoverable." *Sharif v. Mehusa, Inc.*, 193 Cal. Rptr. 3d 644, 650 (Cal. Ct. App. 2015); *see Jankey*, 290 P.3d at 198 ("The general rule is that where a non-fee-shifting claim overlaps with a fee-shifting claim, it does not limit fee awards under the fee-shifting claim.").[4] The non-fee-shifting claims might affect the "*amount* of" the fee award, but they do not negate a party's "*entitlement* to" a fee award. *Graciano*, 50 Cal. Rptr. 3d at 283.

Plaintiffs also contend that "there may be no fee award while, as here, a case is still pending." But California courts, like federal courts, "allow attorney fee awards even where there has been no decision on the merits." *Winick Corp. v. Safeco Ins. Co.*, 232 Cal. Rptr. 479, 481 (Cal. Ct. App. 1986); *accord Animal Lovers Volunteer Ass'n, Inc. v. Carlucci*, 867 F.2d 1224, 1225 (9th Cir. 1989) ("The fact [that] the dispute between the parties may continue does not preclude a fee award."). The "case need not be completely final" for

---

[4] This rule disposes of plaintiffs' argument that a fee award is proper only when the prevailing party prevails in the entire "action." California courts have expressly considered and rejected this argument, holding that the phrase "any action" in a fee-shifting statute "refers to any 'cause of action,'" not the entire lawsuit. *Aleman v. AirTouch Cellular*, 146 Cal. Rptr. 3d 849, 868–69 (Cal. Ct. App. 2012); *see, e.g.*, *Ramos v. Garcia*, 204 Cal. Rptr. 3d 214, 222 (Cal. Ct. App. 2016).

fees to be awarded as long as the victory obtained on the fee-shifting claims is "secure." *Urbaniak v. Newton*, 24 Cal. Rptr. 2d 333, 336 (Cal. Ct. App. 1993) (citation omitted). And here, Sotheby's has obtained a secure victory on all of the claims for which fees may be awarded.

The cases cited by plaintiffs involve fee requests by a party who won a procedural victory on appeal that merely continued the litigation. *See Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980) (reversing fee award where the applicants had "not prevailed on the merits of any of their claims" on appeal but instead only obtained a new trial); *Presley of S. Cal. v. Whelan*, 196 Cal. Rptr. 1, 2 (Cal. Ct. App. 1983) (declining to award fees for achieving a reversal of summary judgment). But as we have explained, these cases addressing purely procedural victories are "irrelevant" if the prevailing party has "won a determination on the merits." *Animal Lovers*, 867 F.2d at 1225. Sotheby's is the "prevailing party" with respect to all of the fee-shifting claims and is entitled to a fee award for the work performed on them.

## III. CONCLUSION

Sotheby's and eBay are entitled to a fee award under the CRRA fee-shifting provision. Their applications for attorneys' fees (Case No. 16-56234, Dkt. Nos. 72 and 74) are accordingly **GRANTED**.[5] We refer the matter to the Appellate Commissioner to determine the appropriate amount of fees to be awarded, subject to reconsideration by this panel. *See* Ninth Circuit Rule 39-1.9.

---

[5] Plaintiffs' motion to strike defendants' replies in support of their fee applications (Case No. 17-56234, Dkt. No. 82) is **DENIED**.