**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

JOHEL VALIENTE; ASHRAF AIAD, on behalf of themselves and all others similarly situated,

Plaintiffs-Appellants,

v.

SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, a Delaware limited liability company,

Defendant-Appellee.

No.    21-55456

D.C. No.
2:19-cv-04217-VAP-KK

OPINION

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted August 4, 2022
Pasadena, California

Before:  Consuelo M. Callahan and Holly A. Thomas, Circuit Judges, and Diane J. Humetewa,* District Judge.

Opinion by Judge H.A. Thomas;
Dissent by Judge Humetewa

---

 *     The Honorable Diane J. Humetewa, United States District Judge for the District of Arizona, sitting by designation.

**SUMMARY**[**]

## Preemption / Motor Carrier Safety Act

The panel affirmed the district court's summary judgment in favor of Swift Transportation Co. of Arizona, LLC in a class action brought by former hourly truck drivers for Swift Transportation ("Plaintiffs") alleging violations of California's meal and rest break ("MRB") rules and derivative state-law claims.

In 2018, the Federal Motor Carrier Safety Administration (FMCSA) decided to preempt California's MRB rules with respect to truck drivers subject to federal regulations. In *International Brotherhood of Teamsters, Local 2785 v. Federal Motor Carrier Safety Administration*, 986 F.3d 841, 846 (9th Cir. 2021), this Court held that the agency's decision was a lawful exercise of its power under the Motor Carrier Safety Act of 1984. Here, the panel addressed the question left open by International Brotherhood and held that the preemption decision also barred plaintiffs from proceeding with lawsuits that commenced before the decision was made.

Plaintiffs argued that the presumption against retroactive application of laws operates here to allow their lawsuit to proceed despite the FMSCA's preemption of California's MRB rules. The panel applied the retroactivity test set forth in *Landgraf v. USI FilmProducts*, 511 U.S. 244, 263-64, 280 (1994). Under step one of the two-step test, the panel held that because Congress clearly intended for the FMSCA to have the power to halt enforcement of state laws, and because the FMSCA intended for this particular preemption determination to apply to pending lawsuits, the FMSCA's decision prohibits present enforcement of California's MRB rules regardless of when the underlying conduct occurred. The panel held that it need not reach the second step of the *Landgraf* analysis.

Dissenting, District Judge Humetewa agreed with the majority that resolution of the issue required an analysis under the *Landgraf* retroactivity test, but she disagreed as to the conclusions reached in applying the framework to the question raised here. Unlike the majority, she did not find any language in the Motor Carrier Safety

---

[**]      This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Act of 1984 showing Congress's express intent to grant the FMCSA authority to promulgate rules that apply retroactively. Judge Humetewa also disagreed with the majority's holding that it was unnecessary to reach *Landgraf*'s second step. She would reverse the district court's order granting summary judgment for Swift Transportation and allow Plaintiffs' MRB claims arising prior to the date of the preemption decision to proceed.

## COUNSEL

Deepak Gupta (argued) and Gregory A. Beck, Gupta Wessler PLLC, Washington, D.C.; James R. Hawkins and Gregory Mauro, James Hawkins APLC, Irvine, California; Stanley D. Saltzman, Marlin & Saltzman LLP, Agoura Hill, California; Louis M. Benowitz, Smith & Benowitz, Sherman Oaks, California; Joshua Cohen Slatkin, Law Offices for Joshua Cohen Slatkin, Los Angeles, California; for Plaintiffs-Appellants.

Paul S. Cowie (argued), Robert E. Mussig, and John D. Ellis, Sheppard Mullin Richter & Hampton LLP, San Francisco, California, for Defendant-Appellee.

Richard Pianka, ATA Litigation Center, Arlington, Virginia, for Amici Curiae American Trucking Associations Inc. and California Trucking Association.

H.A. THOMAS, Circuit Judge:

In 2018, the Federal Motor Carrier Safety Administration (FMCSA) decided to preempt California's meal and rest break rules (MRB rules) with respect to truck drivers subject to federal regulations. In *International Brotherhood of Teamsters, Local 2785 v. Federal Motor Carrier Safety Administration*, we held that the agency's decision was a lawful exercise of its power under the Motor Carrier Safety Act of 1984 (MCSA). 986 F.3d 841, 846 (9th Cir. 2021). We left open, however, the question whether the preemption decision bars plaintiffs from proceeding with lawsuits that commenced before the decision was made. *See id.* at 858 n.5 ("We . . . do not consider the retroactivity issue."). Today we answer that question in the affirmative.

## I.

Because we discussed at length the history of the FMCSA's decision to preempt California's MRB rules in *International Brotherhood*, 986 F.3d at 846–48, we only briefly recount that history here. Congress passed the MCSA in 1984 to "promote the safe operation of commercial motor vehicles." *Id.* at 846 (quoting Pub. L. No. 98-554, § 202, 98 Stat. 2832 (originally codified at 49 U.S.C. app. 2501)). The Act granted the Secretary of Transportation the authority to decide that "[a] State may not enforce a State law or regulation on commercial motor vehicle

2

safety." 49 U.S.C. § 31141(a), (c). Pursuant to statutory criteria, the Secretary can "void any State law or regulation on commercial motor vehicle safety" that "has no safety benefit or would cause an unreasonable burden on interstate commerce." *City of Columbus v. Ours Garage & Wrecker Serv.*, 536 U.S. 424, 441 (2002) (quoting 49 U.S.C. § 31141(a), (c)). The Secretary delegated this preemption authority to the FMCSA. 49 C.F.R. § 1.87(f).

The FMCSA has twice considered whether to preempt California's MRB rules in the context of the trucking industry. *See Int'l Brotherhood*, 986 F.3d at 848. In 2008, the agency rejected a preemption petition from a group of motor carriers because the MRB rules were not related to "commercial motor vehicle safety." *Id.* (citing Petition for Preemption of California Regulations on Meal Breaks and Rest Breaks for Commercial Motor Vehicle Drivers; Rejection for Failure to Meet Threshold Requirement, 73 Fed. Reg. 79,204, 79,204–06 (Dec. 24, 2008)). In 2018, two trucking industry groups petitioned the FMCSA to revisit its 2008 decision. *Id.* This time, the agency granted the petition, deciding on December 28, 2018, that "California may no longer enforce the MRB Rules with respect to drivers . . . subject to [the] FMCSA's . . . rules." California's Meal and Rest Break Rules for Commercial Motor Vehicle Drivers, 83 Fed. Reg. 67,470, 67,480 (Dec. 28, 2018). It is this determination that we ultimately upheld in *International Brotherhood*.

## II.

Plaintiffs Johel Valiente and Ashraf Aiad are former hourly truck drivers for Defendant Swift Transportation Co. On October 16, 2018, before the agency issued the preemption decision, Plaintiffs filed a class action lawsuit against Swift alleging violations of California's MRB rules and derivative state-law claims. After we issued our decision in *International Brotherhood*, the district court called for supplemental briefing on whether the preemption decision affected Plaintiffs' claims. After briefing, the court held that, in the wake of the FMCSA's determination, it "ha[d] no authority to enforce the regulations upon which Plaintiffs' meal and rest break claims rest." Because the entirety of Plaintiffs' suit depended on the preempted MRB rules, the district court *sua sponte* granted summary judgment to Swift in all respects and dismissed the suit.

We have jurisdiction under 28 U.S.C. § 1291. We review a district court's grant of summary judgment de novo. *Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 854 (9th Cir. 2019). Whether a statute or agency decision applies retroactively is a question of law that we also review de novo. *Elim Church of God v. Harris*, 722 F.3d 1137, 1140 (9th Cir. 2013).

## III.

Plaintiffs argue that the presumption against retroactive application of laws operates here to allow their lawsuit to proceed despite the FMCSA's preemption of

4

California's MRB rules. They contend that the language of the MCSA—that "[a] State may not enforce a State law or regulation on commercial motor vehicle safety that the Secretary of Transportation decides under this section may not be enforced," 49 U.S.C. § 31141(a)—is insufficiently specific to operate retroactively. Swift, for its part, argues that the plain language of both the MCSA and the preemption decision bar continuation of Plaintiffs' lawsuit.

Our analysis of these arguments is guided by the retroactivity test set forth in *Landgraf v. USI Film Products*, 511 U.S. 244, 263–64, 280 (1994). In *Landgraf*, the Supreme Court provided a framework for reconciling any tension between two general rules: first, that "a court is to apply the law in effect at the time it renders its decision," and second, that "[r]etroactivity is not favored in the law" due to considerations of "fair notice, reasonable reliance, and settled expectations." *Id.* at 264, 270. The Court traced the anti-retroactivity principle to the common law, noting that it "has consistently been explained by reference to the unfairness of imposing new burdens on persons after the fact." *Id.* at 270. On the other hand, changes in law "that merely *removed* a burden on private rights by repealing a penal provision (whether criminal or civil)" were understood to operate retroactively, "preclud[ing] punishment for acts antedating the repeal." *Id.* at 270–71.

5

To assess whether a change in law applies retroactively to a pending lawsuit, *Landgraf* directs that we apply a two-step test. First, we determine "whether Congress has expressly prescribed the statute's proper reach." *Id.* at 280. If the relevant change in law is the result of an agency action, we must find both congressional authorization for the agency to impose retroactive rules and agency intent for the rules in question to apply retroactively. *Elim*, 722 F.3d at 1141. If Congress has clearly authorized retroactive agency action, and the agency has expressed intent to act retroactively, our inquiry is at an end, and we apply the change in law regardless of when the lawsuit was filed or when the underlying conduct occurred.

If, however, either Congress' or the agency's intent is not clear, we proceed to the next step. There, we assess whether the action would have an impermissible retroactive effect, *i.e.*, whether it would "impair[] vested rights acquired under existing laws, or create[] a new obligation, impose[] a new duty, or attach[] a new disability, in respect to transactions or considerations already past." *I.N.S. v. St. Cyr*, 533 U.S. 289, 321 (2001) (quoting *Landgraf*, 511 U.S. at 269). If the action would have such an effect, we apply the change in law only prospectively. *Elim*, 722 F.3d at 1141.

6

Applying the *Landgraf* test is not always straightforward. "Any test of retroactivity will leave room for disagreement in hard cases." *Reyes v. Garland*, 11 F.4th 985, 990 (9th Cir. 2021) (quoting *Landgraf*, 511 U.S. at 270).

**IV.**

Because Congress intended for the FMCSA to have the power to halt enforcement of state laws, and because the FMCSA intended for this particular preemption determination to apply to pending lawsuits, the FMCSA's decision prohibits present enforcement of California's MRB rules regardless of when the underlying conduct occurred. *See Landgraf*, 511 U.S. at 280.

The language of the MCSA is clear: A state "may not enforce" preempted laws. 49 U.S.C. § 31141(a). Any court decision giving effect to California's MRB rules would thus contravene the statute.[1] Although Plaintiffs urge us to apply a presumption against retroactivity, as we discussed above, this presumption is only

---

[1] The majority of the district courts to analyze this question have concluded that they do not have the power to enforce the MRB rules. *See, e.g.*, *Salter v. Quality Carriers, Inc.*, No. 20-cv-00479, 2021 WL 5049054, at *9 (C.D. Cal. Oct. 27, 2021); *Hinds v. FedEx Ground Package Sys., Inc.*, No. 18-cv-01431, 2020 WL 12048882, at *10 (N.D. Cal. June 1, 2020); *Ayala v. U.S. Xpress Enters, Inc.*, No. EDCV 16-137, 2019 WL 1986760, at *3 (C.D. Cal. May 2, 2019); *but see North v. Superior Hauling & Fast Transit, Inc.*, No. EDCV 18-2564, 2019 WL 6792816, at *3 (C.D. Cal. May 31, 2019) (allowing plaintiffs' lawsuit to proceed because the court "[wa]s unable to identify . . . clear statutory authority granting the Secretary of Transportation the authority to promulgate retroactive preemption determinations"); *Garcia v. Superior Court*, 80 Cal. App. 5th 63, 70 (2022) (holding that the preemption decision "does not apply to bar claims arising from conduct that occurred prior to the decision").

relevant where Congress' intent is not clear. *See Landgraf*, 511 U.S. at 264. Where Congress has been clear—as in this case—its intent controls. *See id.*

The FMCSA's preemption decision largely mirrors the language of the MCSA in declaring that "California may no longer enforce the MRB Rules." 83 Fed. Reg. at 67,480. While Plaintiffs argue that the words "*no longer . . .* suggest[] only a future effect," we do not read the language so narrowly. Nor do these words render the FMCSA's decision ambiguous. Taken in context, they simply mean what they say: that the preemption decision is to have immediate effect upon a state's or court's power with respect to the MRB rules. This language, like that of the MCSA, thus prohibits enforcement of the MRB rules no matter when a challenge to those rules arises. The agency has therefore clearly expressed its intent to act retroactively.

That the MCSA and the agency's preemption decision do not explicitly reference retroactivity is of no moment. A court's decision to enforce a statute or agency rule is inherently backward-looking. Making such a decision requires the court to compare conduct that has already occurred to standards set forth in the relevant legal authority. If the court finds a discrepancy between the past conduct and the relevant legal standard, it exercises its power in law or equity to enforce the standard. Here, the MCSA and the preemption decision deprive the state, and by extension courts enforcing state law, of this power by stating that they "may

8

not" or "may no longer" enforce the MRB rules in the context of the trucking industry. As the Court made clear in *Landgraf*, new rules that "speak to the power of the court rather than to the rights or obligations of the parties," such as jurisdictional rules, apply even to pending cases without provoking retroactivity concerns. *See* 511 U.S. at 274.

Our interpretation of the preemption decision at issue here accords with principles of federalism and the logic animating the doctrine of preemption. We have described preemption as a doctrine establishing that "state and local laws are not enforceable if they impinge upon an exclusive federal domain." *Lockheed Air Terminal, Inc. v. City of Burbank*, 457 F.2d 667, 670 (9th Cir. 1972). An entity attempting to enforce a preempted law "has attempted to exercise power which it does not possess because of an express or implied denial of that authority in the Constitution, valid federal laws and regulations promulgated thereunder, or valid treaties." *Id.* When we declare a state law preempted, that "judgment renders the law unenforceable even in the case before us. We, as judges, cannot enforce the state law because the 'Laws of the United States' are 'supreme' and displace the 'Laws of any State to the Contrary.'" *Close v. Sotheby's, Inc.*, 909 F.3d 1204, 1209 (9th Cir. 2018) (quoting U.S. Const. art. VI, cl. 2).

The preemption context is thus different from other circumstances under which statutes and agency rules are created, amended, or eliminated. For instance,

9

in *Martin v. Hadix*, cited by Plaintiffs at oral argument, a new statute set a "substantive limit[]" on the award of attorney's fees, and there was no "unambiguous directive"—indeed there was no directive at all—to apply either the new version of the statute or the old one. 527 U.S. 343, 353–54 (1999); *see also Scott v. Boos*, 215 F.3d 940, 944 (9th Cir. 2000) (holding that a new statute eliminating a predicate for civil RICO claims did not prescribe any temporal reach). Here, on the contrary, Congress has explicitly given the FMCSA authority to void state laws, and we have upheld the FMCSA's decision to do so with respect to California's MRB rules. *See generally Int'l Brotherhood*, 986 F.3d at 858.

\* \* \*

We need not reach the second step of the *Landgraf* analysis: Congress and the FMCSA have spoken with a clear voice in prohibiting enforcement of California's MRB rules. Allowing Plaintiffs to move forward with their claims would require this Court to act in opposition to that decree. The district court's decision dismissing this suit is therefore

**AFFIRMED.**

*Valiente v. Swift Transp. Co.*, No. 21-55456

HUMETEWA, District Judge, dissenting:

I agree with the majority that resolution of this issue requires an analysis under the *Landgraf* retroactivity test. *Landgraf v. USI Film Products*, 511 U.S. 244 (1994) (requiring assessment to determine when retroactive application of a rule is warranted or when it would violate principles of "fairness dictat[ing] that individuals should have an opportunity to know what the law is and to conform their conduct accordingly"). I respectfully disagree as to the conclusions reached in applying that framework to the question before us.

Unlike the majority, I do not find any language in the Motor Carrier Safety Act of 1984 (MCSA) showing Congress's express intent to grant the Federal Motor Carrier Safety Administration (FMCSA) authority to promulgate rules that apply retroactively. Our precedent says that "[t]he first step in the *Landgraf* analysis is a determination of whether the statute contains an *express statement* on its proper temporal reach." *Beaver v. Tarsadia Hotels*, 816 F.3d 1170, 1187 (9th Cir. 2016) (citing *Landgraf*, 511 U.S. at 280) (emphasis added). Unlike other federal preemption statutes, section 31141(a) of the MCSA does not say anything about a temporal reach. *Compare e.g.*, 49 U.S.C. § 20106(b)(2) (limiting the Federal Railroad Safety Act's preemption provision "to all pending State law causes of action arising from events or activities occurring on or after January 18,

11

2022"); 15 U.S.C. § 7902(b) (requiring dismissal of any civil action preempted by the Protection of Lawful Commerce in Arms Act "that is pending on October 26, 2005"). The MCSA simply states that "[a] State *may not* enforce a State law or regulation on commercial motor vehicle safety that the Secretary of Transportation decides under this section may not be enforced." 49 U.S.C. § 31141(a) (emphasis added). The majority says the statute's temporal reach is "clear" because the proscription that a state "may not enforce" a rule means that "any court decision giving effect to California's MRB rules would contravene the statute." But this interpretation of "may not enforce" requires one to imply a meaning into the statute that there should be *no* temporal limit to the agency's decision to preempt a state law. This approach is contrary to our precedent, which instructs us to apply a strong presumption against applying laws retroactively in the absence of Congress's "express command" otherwise. *Landgraf*, 511 U.S. at 280; *see also Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988) (finding "a statutory grant of legislative rulemaking authority will not, as a general matter, be understood to encompass the power to promulgate retroactive rules unless that power is conveyed by Congress in express terms"). By collapsing the distinction between a grant of authority to issue a preemption decision and a grant of authority

12

to apply a preemption decision retroactively, the majority sidesteps the first *Landgraf* query that requires us to ask whether the latter is stated in express terms.[2]

Notably, the district court here did not undertake a *Landgraf* analysis as to whether it was appropriate to apply the FMCSA's Preemption Decision retroactively. Instead, the district court *sua sponte* granted summary judgment to Defendant because the court had "no authority to enforce the regulations upon which Plaintiffs' meal and rest break claims rest." In doing so, the district court anchored its ruling on the "litany of cases . . . echoing this point." That "litany of cases," however, found *Landgraf* and retroactivity to be irrelevant to the issue.

The Central District of California was one of the first district courts to address whether pending California MRB claims survived the FMCSA's Preemption Decision. In holding that they did not, the court in *Ayala v. U.S. Xpress Enters, Inc.* found "the issue of retroactive effect [to be] irrelevant" to the survival of the plaintiffs' state law claims following the Preemption Decision because the court was without authority to enforce the regulations under the statute. No. EDCV 16-137, 2019 WL 1986760, at *3 (C.D. Cal. May 2, 2019).

---

[2] The title of § 31141(a) also does not support the majority's interpretation. By titling the section "Preemption *after* decision," Congress evinced an intent that FMCSA's rules should only have prospective effect. 49 U.S.C. § 31141(a) (emphasis added); *Logan v. U.S. Bank Nat'l Ass'n*, 722 F.3d 1163, 1172 (9th Cir. 2013) ("Though a statute's title 'can be used to resolve[] ambiguity,' it 'cannot control the plain meaning of a statute.'") (quoting *Or. Pub. Util. Comm'n v. Interstate Commerce Comm'n*, 979 F.2d 778, 780 (9th Cir. 1992)).

Following *Ayala*, the majority of district courts faced with the issue (including this district court) sidestepped the *Landgraf* analysis entirely by citing to *Ayala*'s reasoning that courts are without authority to enforce state laws preempted by the FMCSA, even as applied to claims arising before the FMCSA's Preemption Decision. *See, e.g.*, *Robinson v. Chefs' Warehouse, Inc.*, No. 15-cv-05421, 2019 WL 4278926, *4 (N.D. Cal. Sept. 10, 2019) (finding *Ayala*'s conclusions "sound and fully applicable here"); *Salter v. Quality Carriers, Inc.*, No. 20-cv-00479, 2021 WL 5049054, at *9 (C.D. Cal. Oct. 27, 2021) (agreeing "with the reasoning of the *Ayala* line of cases" that retroactivity is irrelevant); *Hinds v. FedEx Ground Package Sys., Inc.*, No. 18-cv-01431, 2020 WL 12048882, at *10 (N.D. Cal. June 1, 2020) (joining the *Ayala* line of cases to conclude that the plaintiffs' rests and meal break claims were preempted).[3] Having reached their conclusions without making the requisite queries under *Landgraf*—which even the majority agrees is required here—I find these cases unpersuasive.[4]

---

[3] Notably, the claims in these cases arose after the FMCSA's 2008 decision that found the agency lacked the authority to preempt California's MRB claims, *see* Petition for Preemption of California Regulations on Meal Breaks and Rest Breaks for Commercial Motor Vehicle Drivers; Rejection for Failure to Meet Threshold Requirement, 73 Fed. Reg. 79,204, 79,204–06 (Dec. 24, 2008), but before the 2018 FMCSA Preemption Decision that reversed the 2008 decision.

[4] The one district court to engage in the *Landgraf* analysis could find nothing in the statute granting the FMCSA authority to promulgate retroactive rules. *See North v. Superior Hauling & Fast Transit, Inc.*, No. EDCV 18-2564, 2019 WL 6792816, at

Moreover, even if, as the majority suggests, authority to promulgate retroactive rules could be implicitly read into the statutory language, it is not clear from the plain language of the FMCSA's Preemption Decision that the ruling is to apply retroactively. *Elim Church of God v. Harris*, 722 F.3d 1137, 1141 (9th Cir. 2013) (when assessing whether agency action applies retroactively, a court must look for *both* congressional intent authorizing retroactive actions on the agency's part, *and* the agency's intent for its action to apply retroactively). The Preemption Decision provides that "California may *no longer* enforce the [MRB rules] with respect to drivers of property-carrying [commercial motor vehicles] subject to FMCSA's [hours of service] rules." Similar to section 31141(a), the language that the FMCSA chose to use in crafting its decision—that California may "no longer" enforce the MRB Rules—"strongly suggests prospective, not retroactive, application." *North*, 2019 WL 679816, at *9. *See also Garcia v. Superior Court*, 80 Cal. App. 5th 63, 69 (2022) (agreeing with *North* that the language "may no longer enforce" strongly suggested only prospective application), *review denied* (Sept. 14, 2022). As with the language of section 31141(a), the plain language of the FMCSA's Preemption Decision does not reflect an express intent that the ruling is to apply retroactively.

---

*3 (C.D. Cal. May 31, 2019) (noting that neither the court nor the parties could identify "clear statutory authority granting the Secretary of Transportation the authority to promulgate retroactive preemption determinations").

15

Because neither Congress's intent to allow FMCSA to act retroactively nor FMCSA's intent for the Preemption Decision to apply retroactively is express, I also disagree with the majority that it is unnecessary to reach *Landgraf*'s second step. Where the intent of Congress or the agency is unclear as to its intentions, *Landgraf* instructs that a court must then assess whether the action would have an impermissible retroactive effect. 511 U.S. at 280; *Mejia v. Gonzales*, 499 F.3d 991, 997 (2007). In assessing the retroactive effect of a new rule, a court must determine "whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Landgraf*, 511 U.S. at 280. "If so, then in keeping with [the] traditional presumption against retroactivity," courts "presume that the statute does not apply to that conduct." *Martin v. Hadix*, 527 U.S. 343 (1999).

The district court here found that the FMCSA's Preemption Decision barred Plaintiffs from continuing to litigate claims arising from pre-existing rights that unquestionably existed at the time they were filed. In the past, we have found that new rules have retroactive effect when they extinguish pre-existing causes of action. *See e.g.*, *Beaver*, 816 F.3d at 1187–88 (finding "the 2014 Amendment would have retroactive effect because it would extinguish Defendants' liability under ILSA . . . thus depriving Plaintiffs of a pre-existing cause of action"); *Scott*

16

*v. Boos*, 215 F.3d 940, 945 (9th Cir. 2000) (finding statutory amendment had retroactive effect where it "deprive[d] plaintiffs of the right to bring securities fraud based RICO claims"). Here, no one disputes that Plaintiffs had a right to bring a cause of action against Defendant for violation of California's MRB rules before the FMCSA's Preemption Decision. Following the agency's determination and the district court's *sua sponte* order, Plaintiffs did not. This deprivation unquestionably impairs Plaintiffs' rights and is sufficient to show retroactive effect under the second step of the *Landgraf* test. *Beaver*, 816 F.3d at 1188.

Accordingly, and for the foregoing reasons, I respectfully dissent. In the absence of express language otherwise, "considerations of fair notice, reasonable reliance, and settled expectations" warrant that the FMCSA's Preemption Decision only have prospective effect. *Scott*, 215 F.3d at 945 (citing *Landgraf*, 511 U.S. at 270). I would therefore reverse the district court order granting summary judgment for Defendant and allow Plaintiffs' MRB claims arising prior to the date of the Preemption Decision to proceed.